ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN OFFICIAL ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 PURSUANT TO 28 O.S. 31 (1991), MUST A COURT CLERK WHO HAS RECEIVED A SINGLE SUM OF MONEY WHICH IS TO BE PAID TO MULTIPLE PAYEES PURSUANT TO LAW OR ORDER OF THE COURT, CHARGE THE ONE PERCENT (1%) FEE AGAINST THE TOTAL PAYMENT RECEIVED, OR CHARGE THE ONE PERCENT (1%) FEE AGAINST EACH AMOUNT TO BE PAID OUT TO THE MULTIPLE PAYEES, OR BOTH?
BECAUSE YOUR QUESTION REQUIRES A CONSIDERATION OF SPECIFIC FACTS AND MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NEITHER DESIRABLE OR NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
TITLE 28 O.S. 31 PROVIDES IN PERTINENT PART:
 "THE CLERK OF THE DISTRICT COURT, OR THE CLERK OF ANY OTHER COURT OR RECORD, SHALL CHARGE AND COLLECT THE FOLLOWING FEES FOR SERVICES BY THEM RESPECTIVELY RENDERED AND NONE OTHERS, EXCEPT AS OTHERWISE PROVIDED BY LAW:
* * * * * * * * *
 RECEIVING AND PAYING OUT MONEY IN PURSUANCE OF LAW OR ORDER OF THE COURT ____________________________ 1% PROVIDED, HOWEVER, THAT SUCH A CHARGE SHALL NOT EXCEED $300.00."
YOUR QUESTION SPECIFICALLY ADDRESSES THE CIRCUMSTANCE OF A COURT CLERK RECEIVING A SINGLE SUM OF MONEY IN A LEGAL PROCEEDING WHICH MUST BE PAID OUT TO SEVERAL PAYEES PURSUANT TO A STATUTE OR COURT ORDER. ESSENTIALLY YOU INQUIRE WHETHER THE COURT CLERK, UNDER THE PROVISIONS OF 28 O.S. 31, IS REQUIRED TO CHARGE THE ONE PERCENT (1%) FEE ONLY UPON THE SINGULAR EVENT OF RECEIVING THE SUM OF MONEY, OR MUST THE COURT CLERK CHARGE THE FEE UPON EACH SEPARATE DISBURSEMENT MADE TO EACH PAYEE. OR, ALTERNATIVELY, MUST THE COURT CLERK CHARGE THE ONE PERCENT (1%) FEE UPON BOTH THE RECEIPT OF MONEY AND UPON EACH DISBURSEMENT PAID OUT THEREFROM.
IN CONSTRUING A STATUTE, THE CARDINAL RULE IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE BY CONSIDERING THE LANGUAGE OF THE STATUTE AS A WHOLE IN LIGHT OF ITS GENERAL PURPOSE AND OBJECTIVE. SEE, WOOD V. INDEPENDENT SCHOOL DISTRICT NO. 141 OF POTTAWATOMIE COUNTY, 661 P.2D 892 (OKLA.1983). WHERE THE INTENT OF THE LEGISLATURE IS PLAINLY EXPRESSED IN THE STATUTE, IT MUST BE FOLLOWED WITHOUT FURTHER INQUIRY OR STATUTORY CONSTRUCTION. E.G., IN RE REQUEST OF HAMM PRODUCTION CO., 671 P.2D 50,52 (OKLA.1983); HUGHES DRILLING CO. V. MORGAN, 648 P.2D 32,35 (OKLA.1982).
IN A.G. OPIN. 69-323 THIS OFFICE ADDRESSED AN INQUIRY SIMILAR TO YOURS REGARDING THE SAME SECTION OF TITLE 28. IN THAT OFFICIAL OPINION (WHICH IS ATTACHED HERETO FOR YOUR REVIEW), THIS OFFICE OPINED AS FOLLOWS:
 AFTER A CONSIDERATION OF THE LANGUAGE USED IN 28 O.S. 31, SUPRA, IT IS EVIDENT FROM A PLAIN READING OF THE WORDS EMPLOYED THAT THE LEGISLATURE INTENDED FOR A CHARGE TO BE MADE BY THE COURT CLERK UPON EACH PROCESS OF RECEIVING AND PAYING OUT MONEY PURSUANT TO LAW OR ORDER OF THE COURT. THE AMOUNT OF SUCH CHARGE IS 1% UP TO $200.00, OF THE SUM RECEIVED AND PAID OUT PURSUANT TO LAW OR ORDER OF THE COURT. EACH PROCESS OF RECEIVING AND PAYING OUT MONEY IS TREATED AS ONE TRANSACTION FOR PURPOSES OF THE 1% FEE UP TO $200.00, AND SUCH FEE IS NOT LIMITED TO EACH DOCKETED CASE. IF THE TRANSACTION CONSISTS OF RECEIVING ONE SUM AND PAYING OUT THE SAME TO SEVERAL RECIPIENTS, IT I STILL ONE `RECEIVING AN PAYING OUT' AND THE COURT CLERK MAY TILL COLLECT ONLY 1% OF THE TOTAL, NOT TO EXCEED $200.00.
THUS, FOR EXAMPLE, IF IN A PARTITION SUIT THE JUDGMENT OR ORDER OF THE COURT IS FOR $50,000.00, THE COURT CLERK COULD ONLY CHARGE 1% OF THE TOTAL AND NOT MORE THAN $200.00 FOR RECEIVING AND PAYING OUT THE $50,000.00 EVEN THOUGH THE TOTAL AMOUNT WAS PAID OUT TO SEVERAL INDIVIDUAL OWNERS OF INTERESTS IN THE PROPERTY.
A.G. OPIN. 69-323 (EMPHASIS ADDED).
IT SHOULD BE NOTED THAT THE SUBSTANTIVE LANGUAGE IN 28 O.S. 31 (1969) UPON WHICH A.G. OPIN. 69-323 WAS BASED, REMAINS LARGELY UNCHANGED IN ITS PRESENT FORM. THE ONLY SUBSTANTIVE CHANGE CONCERNS THE MAXIMUM CHARGE THAT THE COURT CLERK CAN COLLECT PURSUANT TO THE ONE PERCENT (1%) FEE. THIS AMOUNT HAS INCREASED FROM $200.00 TO $300.00. THEREFORE, BECAUSE THE PRESENT QUESTION REQUIRES A CONSTRUCTION OF ESSENTIALLY THE IDENTICAL PERTINENT LANGUAGE IN 28 O.S. 31, A.G. OPIN. 69-323 REMAINS RELEVANT AND PERSUASIVE AS A MEANS OF ANSWERING YOUR INQUIRY.
THE RELEVANT EXAMPLE USED IN A.G. OPIN. 69-323 COULD HAVE JUST AS EASILY APPLIED TO THE DISBURSEMENT OF PROCEEDS FROM A SHERIFF'S SALE. SO LONG AS THE COURT CLERK RECEIVES ONLY ONE SUM OF MONEY IN A GIVEN TRANSACTION, THE COURT CLERK MAY COLLECT ONLY ONE PERCENT (1%) OF THE TOTAL RECEIVED, NOT TO EXCEED $300.00, EVEN IF THE SUM IS TO BE PAID OUT TO MULTIPLE PAYEES. A COURT CLERK CHARGING AND COLLECTING THE ONE PERCENT (1%) FEE UPON EACH SEPARATE DISBURSEMENT MADE TO EACH PARTY FROM A SINGLE SUM OF MONEY RECEIVED MAY BE SUBJECT TO THE PENALTIES PROVIDED FOR IN 28 O.S. 13, WHICH PROVIDES:
 "ANY PUBLIC OFFICER WHO SHALL KNOWINGLY CHARGE, DEMAND OR RECEIVE ANY FEES NOT PROVIDED FOR BY LAW, OR WHO SHALL CHARGE, DEMAND OR RECEIVE ANY GREATER FEES THAN ARE PROVIDED FOR IN THIS ARTICLE SHALL BE DEEMED GUILTY OF A MISDEMEANOR, AND SHALL, UPON CONVICTION, BE FINED IN ANY SUM NOT LESS THAN FIVE HUNDRED DOLLARS ($500.00) FOR EACH AND EVERY OFFENSE AND SHALL FORFEIT HIS OFFICE AND SHALL BE BARRED FROM HOLDING ANY OFFICE OF TRUST IN THIS STATE THEREAFTER."
IN SUM, FOR THE ABOVE-STATED REASONS, IT IS THE OPINION OF THE UNDERSIGNED COUNSEL, THAT:
 UNDER THE PROVISIONS OF 28 O.S. 31 (1991), A COURT CLERK WHO HAS RECEIVED A SINGLE SUM OF MONEY FOR PURPOSES OF PAYING OUT THAT MONEY TO MULTIPLE PAYEES PURSUANT TO LAW OR ORDER OF THE COURT, MUST CHARGE THE APPLICABLE ONE PERCENT (1%) FEE AGAINST ONLY THE TOTAL AMOUNT RECEIVED, AND NOT AGAINST EACH AMOUNT TO BE PAID OUT TO THE MULTIPLE PAYEES.
(BARRY K. KOONCE)